**ROSENBERG, KIRBY, CAHILL AND STANKOWITZ**
Attorneys at Law
29 Main Street
Toms River, New Jersey 08753
(732) 341-3337
Attorneys for Plaintiffs

| | |
|---|---|
| GEORGE E. ENGLE and MARION ENGLE, married, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>MAGDI H. IBRAHIM; MAG & H AUTO SALES; JENNIFER A. SIMPSON; JOANN COSTANZO; RAUL PEREA-HENZE; KEITH GORDON; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNTIED STATES OF AMERICA; JANE DOE (1-10), a fictitious name for unknown defendants; ABC COMPANY (1-10), a (fictitious names, true names unknown at this time) a business entity authorized to do business in the State of New Jersey. <br><br>　　　　　Defendants. | UNITED STATES DISTRICT COURT <br>DISTRICT OF NEW JERSEY <br>CIVIL ACTION NUMBER: <br><br>CIVIL ACTION <br><br>**COMPLAINT** |

Plaintiffs, GEORGE ENGLE and MARION ENGLE, married, residing in the Township of Toms River, County of Ocean and State of New Jersey, through their attorneys, by way of Complaint against the defendants, say:

### FIRST COUNT

1. On or about January 22, 2008, plaintiff GEORGE ENGLE was operating a motor vehicle which was lawfully traveling on New Jersey Turnpike, in the City of Newark, County of Essex and State of New Jersey.

2. At the aforesaid time and place, the defendants, MAGDI H. IBRAHIM was operating a motor vehicle traveling New Jersey Turnpike, in the City of Newark, County of Essex and State of New Jersey

3. At the aforesaid time and place, the defendant, MAGDIH IBRAHIM did operate said motor vehicle in such a careless and negligent manner so as to cause a collision involving the motor vehicle operated by plaintiff GEORGE ENGLE.

4. As a result of the carelessness and negligence of the defendant, plaintiff GEORGE ENGLE, was caused to sustain severe injuries, both temporary and permanent in nature, together with great pain and suffering as well as serious economic loss, and was prevented from transacting lawful business and affairs and had to expend sums for medical expenses, all of which are expected to continue into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendant for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

## SECOND COUNT

1. Plaintiff repeats each and every allegation of the First Count as if set forth at length herein.

2. At the time and place aforesaid, defendants MAG & H AUTO SALES; JOHN DOE (1-5) (fictitious names, true names unknown at this time); ABC COMPANY (1-5) (fictitious names, true names unknown at this time) were responsible for the ownership, maintenance service, repair and/or inspection of the vehicle operated by defendant MAGDI H. IBRAHIM.

3. At all times relevant hereto, defendants, MAG & H AUTO SALES; JOHN DOE (1-5) (fictitious names, true names unknown at this time); ABC COMPANY (1-5)

(fictitious names, true names unknown at this time) so carelessly and negligently owned, maintained, serviced, repaired and/or inspected the vehicle operated by defendant MAGDI H. IBRAHIM as to cause or allow the accident to happen.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

### THIRD COUNT

1. Plaintiff repeats each and every allegation of the First and Second Counts as if set forth at length herein.

2. At the time and place aforesaid, defendant MAGDI H. IBRAHIM was acting as the agent and/or servant and/or employee and/or lessee and/or otherwise on behalf of defendant(s) MAG & H AUTO SALES; JOHN DOE (6-10) (fictitious names, true names unknown at this time); ABC COMPANY (6-10) (fictitious names, true names unknown at this time); and therefore, defendants MAG & H AUTO SALES; JOHN DOE (6-10) (fictitious names, true names unknown at this time); ABC COMPANY (6-10) (fictitious names, true names unknown at this time) are responsible for the negligence of defendant MAGDI H. IBRAHIM.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

### FOURTH COUNT

1. Plaintiff repeats each and every allegation of the First through Third Counts as if set forth at length herein.

2. At the aforesaid time and place, the defendant, JENNIFER A. SIMPSON; was operating a motor vehicle traveling New Jersey Turnpike, in the City of Newark,

       County of Essex and State of New Jersey

3. At the aforesaid time and place, the defendant, JENNIFER A. SIMPSON, did operate said motor vehicle in such a careless and negligent manner so as to cause a collision involving the motor vehicle operated by plaintiff GEORGE ENGLE.

4. As a result of the carelessness and negligence of the defendant, plaintiff GEORGE ENGLE, was caused to sustain severe injuries, both temporary and permanent in nature, together with great pain and suffering as well as serious economic loss, and was prevented from transacting lawful business and affairs and had to expend sums for medical expenses, all of which are expected to continue into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendant for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

## FIFTH COUNT

1. Plaintiff repeats each and every allegation of the First through Fourth Counts as if set forth at length herein.

2. At the time and place aforesaid, defendants THOMAS E. SIMPSON; JOHN DOE (1-5) (fictitious names, true names unknown at this time); ABC COMPANY (1-5) (fictitious names, true names unknown at this time) were responsible for the ownership, maintenance service, repair and/or inspection of the vehicle operated by defendant JENNIFER A. SIMPSON.

3. At all times relevant hereto, defendants, THOMAS E. SIMPSON; JOHN DOE (1-5) (fictitious names, true names unknown at this time); ABC COMPANY (1-5) (fictitious names, true names unknown at this time) so carelessly and negligently owned, maintained, serviced, repaired and/or inspected the vehicle operated by

defendant JENNIFER A. SIMPSON. as to cause or allow the accident to happen.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

### SIXTH COUNT

1. Plaintiff repeats each and every allegation of the First through Fifth Counts as if set forth at length herein.

2. At the time and place aforesaid, defendant JENNIFER A. SIMPSON was acting as the agent and/or servant and/or employee and/or lessee and/or otherwise on behalf of defendant(s) THOMAS E. SIMPSON; JOHN DOE (6-10) (fictitious names, true names unknown at this time); ABC COMPANY (6-10) (fictitious names, true names unknown at this time); and therefore, defendants THOMAS E. SIMPSON; JOHN DOE (6-10) (fictitious names, true names unknown at this time); ABC COMPANY (6-10) (fictitious names, true names unknown at this time) are responsible for the negligence of defendant JENNIFER A. SIMPSON.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

### SEVENTH COUNT

1. Plaintiff repeats each and every allegation of the First through Sixth Counts as if set forth at length herein

2. At the aforesaid time and place, the defendants, JOANN COSTANZO; was operating a motor vehicle traveling New Jersey Turnpike, in the City of Newark, County of Essex and State of New Jersey

3. At the aforesaid time and place, the defendant, JOANN COSTANZO, did operate said motor vehicle in such a careless and negligent manner so as to cause a collision involving the motor vehicle operated by plaintiff GEORGE ENGLE.

4. As a result of the carelessness and negligence of the defendant, plaintiff GEORGE ENGLE, was caused to sustain severe injuries, both temporary and permanent in nature, together with great pain and suffering as well as serious economic loss, and was prevented from transacting lawful business and affairs and had to expend sums for medical expenses, all of which are expected to continue into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendant for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

## EIGHTH COUNT

1. Plaintiff repeats each and every allegation of the First through Seventh Counts as if set forth at length herein.

2. At the aforesaid time and place, the defendants, RAUL PEREA-HENZE was operating a motor vehicle traveling New Jersey Turnpike, in the City of Newark, County of Essex and State of New Jersey

3. At the aforesaid time and place, the defendant, RAUL PEREA-HENZE did operate said motor vehicle in such a careless and negligent manner so as to cause a collision involving the motor vehicle operated by plaintiff GEORGE ENGLE.

4. As a result of the carelessness and negligence of the defendant, plaintiff GEORGE ENGLE, was caused to sustain severe injuries, both temporary and permanent in nature, together with great pain and suffering as well as serious economic loss, and was prevented from transacting lawful business and affairs and had to expend sums

for medical expenses, all of which are expected to continue into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendant for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

### NINTH COUNT

1. Plaintiff repeats each and every allegation of the First through Eighth Counts as if set forth at length herein.

2. On or about July 15, 2008, plaintiff GEORGE ENGLE was operating a motor vehicle which was lawfully traveling on New Jersey Turnpike near Interstate 14C, in the City of Jersey City, County of Hudson, and State of New Jersey.

3. At the aforesaid time and place, the defendant, KEITH GORDON was operating a motor vehicle traveling on the New Jersey Turnpike near Interstate 14C, in the City of Jersey City, County of Hudson, and State of New Jersey.

4. At the aforesaid time and place, the defendant, KEITH GORDON, did operate said motor vehicle in such a careless and negligent manner so as to cause a collision with the motor vehicle operated by plaintiff GEORGE ENGLE.

5. As a result of the carelessness and negligence of the defendant, plaintiff GEORGE ENGLE, was caused to sustain severe injuries, both temporary and permanent in nature, together with great pain and suffering as well as serious economic loss, and was prevented from transacting lawful business and affairs and had to expend sums for medical expenses, all of which are expected to continue into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendant for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

## TENTH COUNT

1. Plaintiff repeats each and every allegation of the First through Ninth Counts as if set forth at length herein.

2. At the time and place aforesaid, defendants UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; JOHN DOE (1-5) (fictitious names, true names unknown at this time); ABC COMPANY (1-5) (fictitious names, true names unknown at this time) were responsible for the ownership, maintenance service, repair and/or inspection of the vehicle operated by defendant, KEITH GORDON.

3. At all times relevant hereto, defendants, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; JOHN DOE (1-5) (fictitious names, true names unknown at this time); ABC COMPANY (1-5) (fictitious names, true names unknown at this time) so carelessly and negligently owned, maintained, serviced, repaired and/or inspected the vehicle operated by defendant, KEITH GORDON. as to cause or allow the accident to happen.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

## ELEVENTH COUNT

1. Plaintiff repeats each and every allegation of the First through Tenth Counts as if set forth at length herein.

2. At the time and place aforesaid, defendant, KEITH GORDON was acting as the agent and/or servant and/or employee and/or lessee and/or otherwise on behalf of

defendant(s) UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; JOHN DOE (6-10) (fictitious names, true names unknown at this time); ABC COMPANY (6-10) (fictitious names, true names unknown at this time); and therefore, defendants UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; JOHN DOE; JOHN DOE (6-10) (fictitious names, true names unknown at this time); ABC COMPANY (6-10) (fictitious names, true names unknown at this time) are responsible for the negligence of defendant, KEITH GORDON.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

## TWELFTH COUNT

1. Plaintiff repeats each and every allegation of the First through Eleventh Counts as if set forth at length herein.

2. At the aforesaid times and places, plaintiff MARION ENGLE was the spouse of plaintiff GEORGE ENGLE and as such was responsible for the debts, care and maintenance and entitled to the services, consortium and society of said spouse.

3. As a direct and proximate result of the negligence and carelessness of the defendant, the plaintiff has been caused great expense, loss and trouble and has been deprived of the services, society and consortium of plaintiff's spouse and has been required to expend sums of money for medical care, etc., all of which are expected to continue into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages, interest, costs of suit and such other relief as this Court may deem just and equitable.

Dated: September 28, 2009
        s/ Michael P. Cahill
        MICHAEL P. CAHILL, ESQUIRE

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiffs demand a trial by jury.

Dated: September 28, 2009
        s/ Michael P. Cahill
        MICHAEL P. CAHILL, ESQUIRE

## CERTIFICATION

The matter in controversy involved in this action is not the subject of any other action pending in any Court, nor of any pending arbitration proceeding and no other action or arbitration proceeding is contemplated by my client.  No parties other than those named herein should be joined in this action.

I hereby certify that the foregoing is true to the best of my knowledge, information and belief.

Dated: September 28, 2009
        s/ Michael P. Cahill
        MICHAEL P. CAHILL, ESQUIRE